**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID SHOCKLEY, #11006369,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-0749-M-BK** |
| | § | |
| **SHERIFF LUPE VALDEZ,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice.

## I.  BACKGROUND

Petitioner, a pretrial detainee confined at the Dallas County Jail, filed a *pro se* petition for writ of habeas corpus, challenging the constitutionality of his confinement based on his inability to post a pretrial bond.  The Court did not issue process pending preliminary screening, but issued a deficiency order, requiring the petition be filed on the court-approved form, and a questionnaire, to obtain information about the factual basis of the petition and exhaustion of state court remedies.  Petitioner complied with the Court's orders, filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, and answering the Magistrate Judge's Questionnaire.  (Doc. 9, 10.)

Petitioner is presently awaiting trial on grand jury indictments returned in *State v.*

*Shockley*, Nos. F10-61448 and F10-61449 (203rd Judicial District Court, Dallas County),

charging him with aggravated robbery.  (Doc. 10, Ans. 1.)  He has been confined since January

2011.

In his petition for writ of habeas corpus, Petitioner asserts the trial judge ruled "no bond

allowed," during a November 2011 bond reduction hearing, and that such denial of bail violates

his Constitutional rights.  (Doc. 9 at 5-6.)  Petitioner requests the Court to reinstate his right to

bail and grant him a personal recognizance bond or affordable bail, not in excess of $30,000.  *Id.*

at 7.

## II. DISCUSSION

In light of his *pro se* status, the Court liberally construes the petition to request pretrial

habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody, regardless of

whether final judgment has been rendered and regardless of the present status of the case pending

against him.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A pretrial detainee,

however, must fully exhaust available state remedies before seeking federal habeas relief.  *See*

*Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  This entails submitting the factual

and legal basis of any claim to the Texas Court of Criminal Appeals.  *Davis v. Valdez*, No. 3:08-

CV-2116-G, 2009 WL 111648, *1 (N.D. Tex. 2009) (collecting cases).  Exceptions exist only

where there is an absence of available state corrective process or "exceptional circumstances of

peculiar urgency" render such process ineffective to protect the rights of the applicant.  *See*

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (post-conviction habeas petition); *Davis*,

2009 WL 111648, *1 (pretrial habeas petition).[1]

     Petitioner cannot meet the exhaustion requirement.  The remedy available on a claim that bail is excessive is sought by petition for writ of habeas corpus filed in the state court in which the criminal case is pending.  *Ex parte Tucker,* 977 S.W.2d 713, 715 (Tex. App. -- Fort Worth, 1998) (citing *Ex parte Gray,* 564 S.W.2d 713, 714 (Tex. Crim. App. 1978)); *see also Ex parte Weise*, 55 S.W.3d 617, 619-620 (Tex. Crim. App. 2001) (pretrial writs are available to assert constitutional protections with respect to bail, otherwise constitutional protections would be effectively undermined if these issues were not cognizable).  Petitioner concedes that he did not exhaust his state court remedies by filing a state petition for writ of habeas corpus.  (Doc. 8, Ans. 2.)  An online search confirms Petitioner did not file a petition for state writ in either the trial court or the Texas Court of Criminal Appeals.  Accordingly, his petition should be dismissed without prejudice for failure to exhaust state court remedies.

---

[1] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding.  *Dickerson*, 816 F.2d at 225 (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** without prejudice for failure to exhaust state court remedies.

SIGNED May 8, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE